IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

CALVIN DUPREE HORNBECK,       )
                              )
            Plaintiff,        )
                              )
vs.                           )     Case No. CIV-14-276-W
                              )
JOHN DOE # 1 and JOHN         )
WHETSEL, OKLAHOMA COUNTY      )
SHERIFF,                      )
                              )
            Defendants.       )

# REPORT AND RECOMMENDATION

I.     Relevant history.

Proceeding under 42 U.S.C. § 1983 and appearing in forma pauperis, Calvin Hornbeck (Plaintiff) brought this action seeking monetary relief for injuries he allegedly received at the Oklahoma County Detention Facility (OCDF). Doc. 1.[1] He claimed that the first of two defendants, John Doe # 1, is an OCDF guard who, intending to hurt Plaintiff, "j[e]rked up" on Plaintiff's handcuffs while he was lying face down with his arms behind his back and broke both bones in his arm. *Id.* at 3.[2] Plaintiff also named John Whetsel,

---

[1]     Citations reflect this Court's CMECF designation and pagination.

[2]     In later briefing, Plaintiff asks the court to forgive his spelling errors, interpreting the quotation method used by Defendant Whetsel's counsel as mockery of his spelling. Doc. 25, at 7. Throughout this report, the undersigned also makes alterations in quoting allegations and arguments. The alterations are indicated by brackets and are made only for the purpose of clearly stating – both for the benefit of the parties and any reviewing court – the
(continued...)

Oklahoma County Sheriff, and alleged that he was responsible because "he is the [b]os[s] of the g[u]ard who broke my arm." *Id.* at 2.

United States District Judge Lee R. West referred the matter to the undersigned Magistrate Judge for initial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B), (C). Doc. 4. Consistent with Judge West's referral, the undersigned ordered service. Doc. 9. Plaintiff successfully served Defendant Whetsel who responded with a motion to dismiss. Doc. 19. To date, however, Plaintiff has yet to identify and, thus, to properly serve, the guard he calls John Doe # 1. After having ordered a special report specifically calling for any documentation of the alleged incident, Doc. 22, and after having given Plaintiff ample opportunity to discover the identity of any John Doe, Docs. 41, 42, 44, the undersigned has now ordered Plaintiff to show cause why his claims against John Doe # 1 should not be dismissed pursuant to Fed. R. Civ. P. 4(m). Doc. 50.

Plaintiff opposed Defendant Whetsel's motion to dismiss through a declaration, Doc. 25, and, on the same day, filed his first request to amend his complaint and to add a third defendant, John Doe # 2. Doc. 26. Defendant Whetsel replied to Plaintiff's declaration. Doc. 36. Plaintiff filed a second declaration. Doc. 38. He then filed what he termed as his reply to Defendant

---

[2](...continued)
undersigned's reading of any statement, whether made by Plaintiff or by anyone else.

Whetsel's "[n]ew [m]otion to [d]ismiss." Doc. 39. He subsequently sought leave to amend a second time and to add four OCDF supervisors as defendants. Doc. 45.

For the following reasons, the undersigned recommends that Judge West (1) deny Plaintiff's motions for leave to amend his complaint and to name additional defendants and (2) grant Defendant Whetsel's motion to dismiss.

## II.  Analysis.

### A.  Plaintiff's motions to amend and name additional parties. Docs. 26, 45.[3]

#### 1.  Plaintiff's original claims and proposed amendments.

In his original March 19, 2014 complaint, Plaintiff maintained under penalty of perjury that a guard at OCDF used excessive force when booking Plaintiff "[f]or public drunk in September 2013 . . . ." Doc. 1, at 2.[4] He stated

---

[3]  The undersigned has allowed both motions to remain pending while Plaintiff attempted to learn the name of John Doe # 1 (or any other John Doe).

[4]  Publically-available records of the District Court of Oklahoma County reflect that Petitioner pled guilty to domestic abuse by strangulation in Case No. CF-2013-7127 – an offense he committed on October 14, 2013, several weeks after his arrest and release from custody on the "public drunk" charge, Doc. 1, at 2 – and was received into the custody of the Oklahoma Department of Corrections (DOC) in April, 2014. *See* http://www.oscn.net/ applications/oscn/GetCaseInformation.asp?submitted=true&viewtype=caseG eneral&casemasterID=3053682&db=Oklahoma (last accessed Feb. 6, 2015). Accordingly, although Plaintiff filed his initial complaint from the OCDF, that period of detention was unrelated to the "public drunk" charge. Doc. 1, at 2. He
(continued...)

that he did not know the guard's name and, therefore, identified him as John Doe # 1. *Id.* He alleged that Defendant John Doe # 1 and other guards "made me get down on the floor where they put hand cuffs on me" and that John Doe # 1 then reached down for the cuffs "and jerked up on them . . . so hard he broke my arm b[]oth bone[s]." *Id.* He maintained that John Doe # 1 was trying to hurt him. *Id.* He further alleged that a nurse sent him for x-rays that showed "it was like I said he had broke[n] my arm in t[w]o places . . . ." *Id.* at 3.

On July 10, 2014, Plaintiff requested leave to amend his complaint, Doc. 26, and on that same day filed a declaration in opposition to Defendant Whetsel's motion to dismiss. Doc. 25.[5] In his proposed first amended complaint, Plaintiff named a second guard – John Doe # 2 – as a defendant and scrapped his basic factual assertions, this time alleging, as before, under penalty of perjury, that

---

[4](...continued)
remains in DOC custody on his domestic abuse by strangulation conviction. *See* Doc. 48, at 3.

[5] Plaintiff specifically sought and received an extension of time in which to respond to Defendant Whetsel's motion to dismiss and not an extension of the time period during which he was entitled to "amend his pleading once as a matter of course . . . ." Fed. R. Civ. P. 15(a). Docs. 23, 24. But even if Plaintiff had filed an amended complaint during the permissive time period, "'the right to amend as a matter of course is not absolute.'" *Hafen v. Carter*, 248 F. App'x 43, 46 (10th Cir. 2007) (quoting *Crestview Vill. Apartments v. U.S. Dep't of Hous. & Urban Dev.*, 383 F.3d 552, 557-58 (7th Cir. 2004)). "Defendants and the courts should not be tasked with responding to futile amendments, . . ." and leave to amend may be denied by the court. *Id.*

4

"John Doe # 1 and John Doe #2 broke my arm ag[ai]n after the fi[r]st brake [b]y John Doe # 1." Doc. 26, Att. 1, at 2, 5. He claimed that "I said you broke my arm to the g[ua]rds who was right there at the time [b]ut none would help me. Th[e]y l[e]t the two g[ua]rds hurt me till I passed out from the pain." *Id.* at 5.

Then, on October 20, 2014, Plaintiff sought to add the supervisors of John Doe # 1 and John Doe # 2 as defendants, claiming that the supervisors failed to protect him. Doc. 45, Att. 1, at 3. He alleged in his proposed second amended complaint that John Doe # 1 broke his wrist and "[a]t that time I said out loud you broke my arm, but no one would l[i]sten to me." *Id.* at 2. He claimed that "John Doe # 1 and John Doe # 2 [then] picked me up and made me scream out loud ag[ai]n till I passed out and my arm broke ag[ai]n." *Id.* He maintained that "all the time this was going on the Supervisor of 'D' Platoon was []right there looking and l[i]sten to it all, and did not stop them or help me." *Id.*

Plaintiff also requested leave to amend his original complaint to allege that the OCDF supervisors violated his constitutional rights because they "did not see to it that a[n] incident report was written," and he "do[es] not [k]no[w] who John Doe # 1 and # 2 is." *Id.* at 3. In addition, he proposes adding the "Oklahoma County Sheriff office or department" as a defendant. Doc. 45, at 1; *see id.*, Att. 1, at 1, 3.

### 2. Standard of review.

"The court should freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). "The decision to grant leave to amend a complaint . . . is within the trial court's discretion, Fed.R.Civ.P. 15(a), and will not be disturbed absent an abuse of that discretion." *Ayon v. Gourley*, No. 98-1305, 1999 WL 516088, at *3 (10th Cir. Jun. 25, 1999) (unpublished op.) (internal quotation marks omitted). But "[t]he district court should deny leave to amend only when it finds 'undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.'" *Id.* (citation omitted). *See Cohen v. Longshore*, 621 F.3d 1311, 1313 (10th Cir. 2010) (noting that a district court may refuse leave to amend under Rule 15(a)(2) for only limited reasons including bad faith and futility).

### 3. Whether Plaintiff should be granted leave to amend.

#### a. Claims against John Doe # 2 for excessive force and OCDF supervisors for failure to protect.

In *Ayon,* the Tenth Circuit upheld the district court's refusal to permit the plaintiff to make changes to the factual allegations in his amended complaint. *Ayon*, 1999 WL 516088, at *3. The district court had determined that "'by virtue of the nature of the amendments which are proffered here in this amended

6

complaint, that it is a rather lightly veiled attempt to avoid the allegations . . . and admissions which were made in previous complaints, which are unfavorable to the plaintiff under the legal theories now expounded.'" *Id.* (quoting the district court's findings).

Here, Plaintiff, having failed to identify John Doe # 1, is attempting through amendment to expand his initial legal theory. But to do so, he must circumvent his original factual allegations. He first alleged one incident of excessive force by one guard – John Doe # 1 – during the booking process at OCDF. Doc. 1. He stated unequivocally and under penalty of perjury that this *one* guard broke *two* bones in his arm during this *one* incident of excessive force. *Id.* Now, in an attempt to implicate the supervisors who were on duty at the time of the booking, Plaintiff maintains that after his arm was broken by one guard, the supervisors heard him "sa[y] out loud you broke my arm"– thus, putting the supervisors on notice – and they then failed to prevent his arm from being broken again by two guards. Doc. 45, Att. 1, at 2. He upends his first version of the facts to now claim that one guard – John Doe # 1 – picked him off the floor by his handcuffs and broke his arm once and that John Doe # 1 and a new second guard, John Doe # 2, then "broke [his] arm ag[ai]n after the fi[r]st brake [b]y John Doe # 1." Doc. 26, Att. 1, at 4.

Plaintiff's varying factual claims cannot be reconciled. "Courts are free to

7

consider direct contradictions between earlier pleadings and a proposed amended pleading in determining whether to grant leave to amend, particularly when the proposed amendments concern facts clearly within the plaintiff's knowledge when previous complaints were filed." *Kant v. Columbia Univ.*, No. 08 Civ. 7476, 2010 WL 807442, at *7. (S.D.N.Y. Mar. 9, 2010). Plaintiff's proposed new claims against John Doe # 2 for excessive force and the OCDF supervisors for failure to protect are incredible and implausible in light of his original factual allegations, allegations he claimed, under penalty of perjury, to be true. Plaintiff's fluid versions of his basic facts – basic facts that were squarely within his knowledge when he hand-wrote his original March 19, 2014 complaint – support a finding that his amendment proposals are in bad faith.

### b. Claims against OCDF supervisors for failing to ensure that an incident report was written.

Plaintiff also asks to amend his original complaint to include a claim that the OCDF supervisors violated his constitutional rights because they "did not see to it that a[n] incident report was written," and he "do[es] not [k]no[w] who John Doe # 1 and # 2 [are]." Doc. 45, Att. 1, at 4. Broadly reading these proposed new allegations, Plaintiff, at best, claims negligence and not the violation of a constitutional right. He does not suggest that the supervisors affirmatively prevented him from learning the identity of any John Doe and precluded his right to access the courts. *Id.* Rather, he simply concludes that

he would know who the John Does were if an incident report had been written. *Id.* Were the proposed new claim permitted, it could not survive a motion to dismiss and, accordingly, amendment would be futile. *See Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007) ("A proposed amendment is futile if the complaint, as amended, would be subject to dismissal.") (internal quotation marks omitted).

### c. "Oklahoma County Sheriff Office (Department)." Doc. 45, Att. 1, at 1.

Plaintiff further proposes to amend his complaint to name the "Oklahoma County Sheriff office or department" as a defendant. *Id.* at 3. Nonetheless, he makes no claims against this putative defendant. The amendment of Plaintiff's original complaint to name a new defendant against which he has no claim would be futile.

### d. Defendant Whetsel.

The remaining amendments proposed by Plaintiff pertain to Defendant Whetsel and are addressed in connection with the motion to dismiss.

## B. Defendant Whetsel's motion to dismiss.

### 1. The parties' contentions.

In his original complaint, Plaintiff described Defendant Whetsel as the sheriff of Oklahoma County and stated that "he is the [b]os[s] of the g[u]ard who broke my arm" and "[t]hat ma[kes] h[i]m respons[ib]le." Doc. 1, at 2. He made

9

no other reference to Defendant Whetsel.  *See* Doc. 1.

In response to the complaint, Defendant Whetsel filed a motion to dismiss, grounded, in part, on Plaintiff's failure to state a claim against him on which relief can be granted.  Doc. 19, at 4-8.[6]  He addressed Plaintiff's claims as having been asserted in both an individual and an official capacity.  *Id.*  Defendant Whetsel pointed to Plaintiff's failure to allege that he had personally participated in a violation of Plaintiff's rights or that he had exercised the required control or direction.  *Id.* at 4-5.  Similarly, he explained Plaintiff's failure to identify an unconstitutional policy or custom, and discussed the necessary elements of a claim against a defendant-supervisor.  *Id.* at 5-8.

Plaintiff opposed Defendant Whetsel's motion with a declaration in which he primarily recited legal principles and cited various authority.  Doc. 25.  He referred to Defendant Whetsel by name three times.  *Id.* at 2, 7, 9.  First, he stated that he was "su[ing Defendant Whetsel] in his individual and official capacities for deliberate indifference in violation of the Eighth Amendment . . . ."  *Id.* at 2.  Immediately thereafter, he postulated that "[t]he failure of higher

---

[6]     In addition, Defendant Whetsel, while maintaining that Plaintiff's "Complaint neither expressly references Plaintiff[]s[] intent to seek liability against Defendant under any state law theory nor expressly seeks to invoke this Court's supplemental jurisdiction over any state law claim pursuant to Section 1367 of Title 28 of the United States Code," Doc. 19, at 8, went on to address such claims to the extent Plaintiff's complaint could be construed to raise them.  *Id.* at 9-14.

10

up officials to train or supervise their subordinates may establish the high ups['] liability." *Id.* He then posited that "[t]his can take the form of failure to promulgate policies to guide subordinates['] conduct, failure to train, failure to instruct or supervise subordinates, or failure to respond to evidence of misconduct by subordinates." *Id.* Second, and again characterizing his claim against Defendant Whetsel as one for deliberate indifference, he maintained that "[s]upervisory officials who were not even present at the time of missuse of force if you can show that [t]he[ir] actions or inactions (such as failure to act against officers with records of misusing force) led to excessive force against you." *Id.* at 7. Third, Plaintiff suggested the following:

> The actions or inaction of defendan[t] John Whetsel to take disciplinary or other action to curb the known pattern of physical abus[]e of inmates by defendants John Doe et al could constitute[] deliberate indifference to the plaintiff and other prisoners safety and contributed to and proximately caused the above described violation of the plaintiff['s] Eighth Amendment Rights and assault and battery.

*Id.* at 9.

On the same day that he filed this declaration, Plaintiff requested leave to file an amended complaint. Doc. 26. His only proposed allegations with regard to Defendant Whetsel were that "[h]e is the [b]os[s] of the g[ua]rds who broke my arm" and "[t]hat make[s] h[i]m respons[ib]le he is in charge of [t]he supervision and discipline of all staff at Oklahoma County Jail[.]" Doc. 26, Att.

11

1, at 2. He also clarified that he was suing Defendant Whetsel in his individual and official capacities for deliberate indifference and a violation of his Eighth Amendment rights. *Id.* at 3.

Defendant Whetsel replied to Plaintiff's declaration. Doc. 36. He pointed to the same contentions isolated by the undersigned as being "[t]he only additional allegations in Plaintiff's [d]eclaration . . . that might arguably go to Whetsel . . . . ." *Id.* at 1, 2. He argued that even if the court were to consider these contentions in Plaintiff's declaration as if they were allegations in his complaint, they were "entirely conclusory" and failed to "add any substance to the Plaintiff's claim against Whetsel . . . in the Complaint." *Id.* at 2.

Plaintiff then filed a second declaration purportedly in response to Defendant Whetsel's motion. Doc. 38. Nonetheless, with regard to Defendant Whetsel, Plaintiff alleged only that Defendant Whetsel's "failure . . . to take disciplinary or other action to curb the known pattern[]s of physical abuse of inmates by John Doe et al and other staff" was "deliberate indifference" that "proximately caused" the claimed Eighth Amendment violation. *Id.* at 9.[7]

The following day, Plaintiff submitted yet another challenge to Defendant Whetsel's motion. Doc. 39. He recited what he described as Oklahoma law on

---

[7] Curiously, Plaintiff suggests that the John Doe guards who allegedly injured him had a known pattern of abusing inmates but pleads that he calls the guards John Doe because he does not know their names.

the use of excessive force and use of force policies and claimed that "[a]s for Sheriff John Whetsel jurisdiction is shown affirmatively," and pointed to what he described as criminal procedure provisions with regard to the "[r]eport of another officer's use of Excessive Force . . . ." *Id.* at 3. Plaintiff concluded that Defendant Whetsel "is in violation of his duty pursuant to 42 U.S.C. § 1983" and "John Whetsel did not protect me from the guard under his com[m]and. he fail to properly train and supervise." *Id.* at 5.

Finally, Plaintiff filed a second request to submit an amended complaint. Doc. 45. Nonetheless, his only allegation as to Defendant Whetsel in his second proposed amended complaint was that "[h]e is the boss of all the g[ua]rds who broke my arm and the [s]upe[r]visors over them. That ma[kes] h[i]m respons[i]ble for them all and what they do." Doc. 45, Att. 1, at 2. Once again, Plaintiff named Defendant Whetsel in his individual and personal capacities. *Id.* at 2-3.

## 2. Standard of review.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

13

inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556); *see also Gee v. Pacheco*, 627 F.3d 1178, 1184 (10th Cir. 2010). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. And, "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

### 3. Whether Defendant Whetsel's motion to dismiss should be granted.

In his final proposed attempt to state a claim for relief against Defendant Whetsel, Plaintiff ends up where he started. He originally described Defendant Whetsel as the sheriff of Oklahoma County and stated that "he is the [b]os[s] of the g[u]ard who broke my arm" and "[t]hat ma[kes] h[i]m respons[ib]le." Doc. 1, at 2. His only allegation as to Defendant Whetsel in his last proposed amended complaint is that "[h]e is the boss of all the g[ua]rds who broke my arm and the [s]upe[r]visors over them. That ma[kes] h[i]m respons[i]ble for them all and what they do." Doc. 45, Att. 1, at 2.

The court has the discretion in determining a motion to dismiss to consider

additional factual allegations offered in Plaintiff's briefing "if they [are] consistent with the facts and theories advanced in the complaint." *Hayes v. Whitman*, 264 F.3d 1017, 1025 (10th Cir. 2001). But, as the foregoing discussion of his myriad filings establishes, Plaintiff seizes on a legal theory in his briefing, makes conclusory allegations and then moves on to another theory and does the same. Despite the fact that he had the benefit of Defendant Whetsel's § 1983 pleadings' roadmap before he submitted two proposed amended complaints, *see* Doc. 19, Plaintiff only consistently alleges and only consistently theorizes that Defendant Whetsel is the boss of anyone at OCDF who allegedly harmed Plaintiff and, as a result, bears responsibility.

### a. **Individual capacity.**

"A § 1983 defendant sued in an individual capacity may be subject to personal liability and/or supervisory liability." *Brown v. Montoya*, 662 F.3d 1152, 1163 (10th Cir. 2011). Here, Plaintiff simply claims that Defendant Whetsel is responsible for anything done by those who serve under him. But "[§] 1983 does not authorize liability under a theory of respondeat superior." *Id.* at 1164. "In a § 1983 suit . . . masters do not answer for the torts of their servants [and, a]bsent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Iqbal*, 556 U.S. at 677. Instead, Plaintiff must sufficiently plead personal involvement,

causation, and state of mind. *Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 760, 767 (10th Cir. 2013). "[M]ore than 'a supervisor's mere knowledge of his subordinate's' conduct" is required. *Id.* (quoting *Iqbal*, 566 U.S. at 677).

Plaintiff has failed to adequately state a claim for relief against Defendant Whetsel in his individual capacity.

### b. Official capacity.

A claim by Plaintiff against Defendant Whetsel in his official capacity "is essentially another way of pleading an action against the county or municipality []he[] represent[s]." *Porro v. Barnes*, 624 F.3d 1322, 1328 (10th Cir. 2010). In order to sufficiently allege such a claim, Plaintiff must effectively describe "official policy or custom [that] was both deliberately indifferent to his constitutional rights and the moving force behind his injury." *Id.* Plaintiff has not done so here and, accordingly, has failed to adequately state a claim for relief against Defendant Whetsel in his official capacity.

## III. Recommendation and notice of right to object.

For the stated reasons, the undersigned recommends that Judge West grant Defendant Whetsel's motion to dismiss, Doc. 19, and deny Plaintiff's motions to amend and add parties. Docs. 26, 45. If the latter recommendation is adopted, the undersigned recommends that Plaintiff's motion for service of his proposed second amended complaint, Doc. 48, be denied as moot.

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of Court on or before March 5, 2015, in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises the parties that failure to file a timely objection to this Report and Recommendation waives their right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation does not terminate the referral in this matter.

ENTERED this 13th day of February, 2015.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE