FILED
MAR 23 2015
CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CALVIN DUPREE HORNBECK,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN DOE #1 and JOHN WHETSEL, OKLAHOMA COUNTY SHERIFF,<br><br>Defendants. | No. CIV-14-276-W |

## ORDER

On February 13, 2015, United States Magistrate Judge Suzanne Mitchell issued a Report and Recommendation in this matter and recommended that the Court grant the Motion to Dismiss filed by defendant John Whetsel and deny plaintiff Calvin Dupree Hornbeck leave to amend. Hornbeck, who is proceeding pro se, was advised of his right to object, see Doc. 49 at 17, but no objections have been filed within the allotted time.

Upon review of the record, the Court concurs with Magistrate Judge Mitchell's suggested disposition of Whetsel's request for dismissal. Hornbeck has alleged in his complaint while he was detained in the Oklahoma County Jail, a guard—identified as John Doe #1—broke Hornbeck's arm in two places. Hornbeck has attempted to hold Whetsel liable both individually and in his official capacity[1] under title 42, section 1983 of the United States Code because Whetsel is John Doe #1's supervisor. See Doc. 1 at 2.

A defendant "'sued in an individual capacity [under section 1983] may be subject to . . . supervisory liability.'" Estate of Booker v. Gomez, 745 F.3d 405, 435 (10th Cir. 2014)

---

[1] See Doc. 26 at 1, ¶ 2.

(quotation omitted). However, because section 1983 "'does not authorize liability under a theory of respondeat superior,'" id. (quotations and further citation omitted), "'[t]he plaintiff . . . must show an "affirmative link"' between the supervisor and the constitutional violation.'" Id. (quotations omitted). As case law teaches, "[t]his requires 'more than a supervisor's mere knowledge of his subordinate's conduct.'" Id. (quotations omitted). "Rather, a plaintiff must satisfy 'three elements . . . to establish a successful [section] 1983 claim against a defendant based on his . . . supervisory responsibilities: (1) personal involvement; (2) causation; and (3) state of mind.'" Id. (quotation and further citation omitted).

Viewing Hornbeck's allegations in the light most favorable to him, the Court finds that Hornbeck has failed to plead sufficient facts "that allow[ ] the [C]ourt to draw the reasonable inference that [Whetsel, as John Doe #1's supervisor,] . . . is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Accordingly, Whetsel in this capacity is entitled to dismissal.

The Court has also examined Hornbeck's complaint to determine whether it contains "enough facts to state a claim to relief that is plausible on its face [against Whetsel in his official capacity as Sheriff of Oklahoma County]." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" Kentucky v. Graham, 473 U.S. 159, 165-66 (1985)(quotation omitted).

To state a plausible claim for relief against an individual in his official capacity, a plaintiff must advance well-pleaded factual allegations that show, inter alia, that a custom or policy of the entity that employs the individual was the moving force behind the alleged

2

constitutional deprivation." See Monell v. Department of Social Services, 436 U.S. 658, 695 (1978). Because Hornbeck has failed to identify any policy or custom in his complaint that allegedly caused, created or contributed to his injuries, the Court finds Whetsel in his official capacity is likewise entitled to dismissal.

In her Report and Recommendation, Magistrate Judge Mitchell has also urged the Court to deny Hornbeck's requests for leave to amend. She has opined that the amendments that Hornbeck has proposed not only would be futile under the circumstances of this case, but also are arguably in bad faith. The Court agrees. E.g., Foman v. Davis, 371 U.S. 178, 182 (1962)(leave to amend may be denied based on finding of futility of amendment or bad faith).

Accordingly, the Court

(1) ADOPTS the Report and Recommendation [Doc. 49] issued on February 13, 2015;

(2) GRANTS Whetsel's Motion to Dismiss [Doc. 19] filed on June 6, 2014, and DISMISSES Hornbeck's claims against Whetsel, individually in his supervisory capacity, and Whetsel, in his official capacity as Sheriff of Oklahoma County;

(3) DENIES Hornbeck's Motion for Leave to Amend Civil Rights Complaint and State a Claim [Doc. 26] file-stamped July 14, 2014;

(4) DENIES Hornbeck's Motion for Leave to Amend Civil Rights Complaint and Add New Defendants [Doc. 45] file-stamped October 20, 2014;

(5) because the Court has denied Hornbeck leave to amend, deems MOOT Hornbeck's Motion for Summons and Complaint to be Served on All New Defendants by U.S. Marshal [Doc. 48] file-stamped January 26, 2015; and

(6) RE-REFERS this matter to Magistrate Judge Mitchell for further proceedings.

ENTERED this 23rd day of March, 2015.

_____
LEE R. WEST
UNITED STATES DISTRICT JUDGE