# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CALVIN DUPREE HORNBECK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-14-276-W |
| | ) | |
| JOHN DOE # 1 and JOHN | ) | |
| WHETSEL, OKLAHOMA COUNTY | ) | |
| SHERIFF, | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

On March 19, 2014, Calvin Hornbeck (Plaintiff), proceeding under 42 U.S.C. § 1983 and appearing pro se and in forma pauperis, filed this action seeking monetary relief for injuries he allegedly received at the Oklahoma County Detention Facility (OCDF). Doc. 1.[1] He claimed that Defendant John Doe # 1 is an OCDF guard who, intending to hurt Plaintiff, "j[e]rked up" on Plaintiff's handcuffs while he was lying face down with his arms behind his back and broke both bones in his arm. *Id.* at 3. United States District Judge Lee R. West has referred the matter to the undersigned Magistrate Judge for initial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B), (C).

As detailed below, in the over thirteen months since filing his complaint, Plaintiff has failed to identify and serve Defendant John Doe # 1. And, when

---

[1] Citations reflect this Court's CM/ECF designation and pagination.

given the opportunity to do so, he did not trigger the right to a mandatory extension of the time for service by showing good cause for that failure. The facts and circumstances of this case do not warrant a further permissive extension of time for him to name and serve Defendant John Doe # 1. Therefore, the undersigned recommends that Judge West "dismiss the action without prejudice against that defendant . . . ." Fed. R. Civ. P. 4(m).

## I. Relevant history.

On April 28, 2014, Plaintiff received permission to proceed with service of process. Doc. 9. He filed a pro se litigant's request for issuance of summons, and the Clerk of Court issued summons for John Doe # 1 and John Whetsel. Docs. 12, 13, 14. Plaintiff successfully served Defendant Whetsel. Doc. 16.[2] Likewise, his summons for John Doe # 1 was returned executed. Doc. 15. When John Doe # 1 then moved to quash service of the summons for insufficiency of process, Plaintiff had no objection, and the undersigned granted the motion. Docs. 18, 27, 50.

Thereafter, Plaintiff filed a discovery motion seeking the name and rank of John Doe # 1 "who was working the Booking Desk and put handcuffs on me"; the police report "from that night in Sept. 2013"; all grievances, complaints, and

---

[2] The court subsequently dismissed Plaintiff's claims against Defendant Whetsel. Docs. 51, 56.

incident reports "[c]oncerning the mistreatment of inmates by Defendants John Doe et al"; all policies regarding use of force, use of handcuffs, and sick call procedures; Plaintiff's medical records from September 2013 forward; any electronically stored, photographic, sound, or video evidence "of Plaintiff during the time he was being booked in to the Oklahoma County Jail on or about Sept. 2013"; and any documents created "[c]oncerning any use of force incident involving the Defendant[]s John Doe et al. on or about Sept. 2013 or any investigation or action concerning that incident." Doc. 30.

Defendant Whetsel opposed Plaintiff's motion for discovery, in part because the special report, ordered by the undersigned and filed by the OCDF, Docs. 22, 32, "contains all of the materials relevant to the Plaintiff's claim as offered by the Oklahoma County Sheriff's Office." Doc. 34, at 2. Plaintiff then asserted in a motion requesting an investigation by Defendant Whetsel that the special report is not complete because "[n]one of the documents that would show or tell what happened to me was in the special report." Doc. 40, at 2. He contended there should be an incident report, a use of force report, and an investigation report. *Id.* He asked the court to compel "[Defendant] Whetsel to investigate what went w[ro]ng in the chain of command to allow John Doe et all to use excessive force on me and not make a report of it." *Id.* at 1.

Regarding the existence of any incident report, Plaintiff asked Defendant

3

Whetsel by interrogatory to "[s]tate the names of John Doe # 1 and John Doe # 2 who removed [Plaintiff] to isolation cell on 9/26/2013 or 9/27/2013, and what he remembers of the incident, and what he wrote about the incident in any reports." Doc. 42, at 2. Defendant Whetsel responded that "[t]he names of the officers are unknown" and "there are no known reports referencing Plaintiff during the timeframe requested." Doc. 44, Att. 1, at 2.

On February 13, 2015, the undersigned denied Plaintiff's motions for discovery and for a court order directing an investigation by Defendant Whetsel. Doc. 50, at 4-8.[3] The undersigned advised Plaintiff that while his allegations are taken as true for some purposes, they do not prove that the incident he describes – an incident involving the use of such force resulting in two broken arm bones – occurred and that any report was or should have been generated.[4] *Id.* at 5-6.

---

[3] Plaintiff did not "serve and file objections to the order within 14 days after being served with a copy." Fed. R. Civ. P. 72(a).

[4] Plaintiff maintains that "both bone[s]" in his arm were broken by John Doe # 1. Doc. 1, Att. 1, at 2. X-rays taken of Plaintiff's left wrist on September 27, 2013 revealed an "[a]cute appearing distal ulna fracture." Doc. 32, Ex. 7, at 69. But the radiologist also concluded that the x-ray showed an "*older* appearing ulnar styloid injury." *Id.* (emphasis added). The special report states that "[t]here are no records which would indicate whether [Plaintiff's] injuries were incurred during his arrest by Oklahoma City Police Department Officers, or if the injuries were actually sustained at the Oklahoma County Detention Center." Doc. 32, at 4.

4

Also on February 13, 2015, the undersigned gave Plaintiff forty-five days to name and serve Defendant John Doe # 1 or to show cause why his claims against Defendant John Doe # 1 should not be dismissed without prejudice for his failure to serve Defendant John Doe # 1 as required by Fed. R. Civ. P. 4(m), specifically cautioning him that the Rule provides for the dismissal of this action against Defendant John Doe # 1 if he failed to do so. *Id.* at 10. Plaintiff did not respond by the March 30, 2015 deadline. Instead, on April 15, 2015, he filed what he termed a Motions to Show Cause. Doc. 55.

## II. Analysis.

Although he is proceeding pro se, Plaintiff is responsible for serving each Defendant with a summons and a copy of the complaint. *See* Fed. R. Civ. P. 4(c)(1); *see also DiCesare v. Stuart*, 12 F.3d 973, 980 (10th Cir. 1993) (holding that even when a litigant appears pro se, he is "obligated to follow the requirements of Fed. R. Civ. P. 4"). Here, Plaintiff has failed to serve Defendant John Doe # 1 because he has failed to learn Defendant John Doe # 1's identity.

Plaintiff has also failed to timely respond to the undersigned's show cause order and has made no valid attempt to obtain a mandatory extension of time for service by showing good cause for his failure to identify and serve Defendant John Doe # 1. Fed. R. Civ. P. 4(m); *see Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995) ("The preliminary inquiry to be made under Rule 4(m) is

5

whether the plaintiff has shown good cause for the failure to timely effect service."). Plaintiff's response to the undersigned's February 13, 2015 show cause order was due by March 30, 2015. Doc. 50, at 10. He claimed in another court filing that he did not receive the undersigned's February 13, 2015 Report and Recommendation (on other issues in this case) until March 19, 2015. Doc. 52, at 1. Staff notes docketed on February 13, 2015 establish that the "Report and Recommendation along with Order dated 2/13/2015 was mailed to" Plaintiff. So, Plaintiff received the show cause order on March 19, 2015, the date he acknowledges receipt of the Report and Recommendation. *Id.* Nonetheless, he failed to file a response by March 30, 2015, as ordered, or to request additional time to do so.[5]

Then, on April 15, 2015, the court received and filed Plaintiff's Motions to Show Cause. Doc. 55. Plaintiff averred the "foregoing" representations made in his motion to be true and correct and, thereafter, purported to sign the paper on April 2, 2015. *Id.* at 3. Even had Plaintiff filed his response on April 2nd, it would have been out of time. Further hurting his cause is his mailing's April 13, 2015 postmark. *Id.* at 16. Although courts construe a pro se plaintiff's filings liberally, the Tenth Circuit "has repeatedly insisted that pro se parties follow

---

[5] Plaintiff was aware of both the requirement and the operative procedure. He sought and obtained leave to file an out-of-time objection to the Report and Recommendation. Docs. 52, 53.

6

the same rules of procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (internal quotation marks omitted). In keeping with that insistence, the undersigned has not considered Plaintiff's belated response.

Plaintiff's failure to show cause for a mandatory extension of time for service aside, "the district court must still consider whether a permissive extension of time may be warranted." *Espinoza,* 52 F.3d at 841. The first factor the court considers is whether the statute of limitations would bar the action if refiled. *See id.* at 842. Defendant John Doe # 1's earliest alleged liability stems from his treatment of Plaintiff in September 2013. *See* Doc. 1, at 2. Plaintiff has a two-year limitations period – or until September 2015 – in which to refile the action. *See McCarty v. Gilchrist*, 646 F.3d 1281, 1289 (10th Cir. 2011); *see also Braxton v. Zavaras*, 614 F.3d 1156, 1159 (10th Cir. 2010) ("In a § 1983 action, state law governs issues regarding the statute of limitations and tolling . . . ."). This factor weighs against a permissive extension of time for service.

The second factor the court considers is whether Plaintiff has unsuccessfully attempted to serve the United States. *See Espinoza*, 52 F.3d at 842. This factor is inapplicable here.

Third, "[t]he district court should also take care to protect *pro se* plaintiffs from consequences of confusion or delay attending the resolution of an *in forma*

7

*pauperis* petition." *Id*. at 842 n.8 (quotation omitted). There does not appear to be any policy consideration that would justify granting Plaintiff an additional permissive extension of time for service in this case.

As the undersigned advised Plaintiff in ordering him to show cause, it is possible that John Doe # 1, whom Plaintiff has failed to identify by now, might never be identified. Doc. 50, at 9. Before filing this lawsuit, Plaintiff did not obtain basic information – the names of any guard or witness and the videotape of the incident – through promptly grieving his allegations or simply by gathering information during the five-month period after the alleged incident and while being held at the OCDF. After Plaintiff filed his lawsuit, the undersigned has not enforced and, so, has permissively extended, Plaintiff's service deadline, ordering a special report specifically directed to the alleged incident and monitoring Plaintiff's ability to obtain names through the discovery process. Docs. 22, 41.[6] Plaintiff's discovery efforts resulted in Defendant Whetsel providing "the names and rank of *all guards* working the first floor booking desk on the night of 9/26/2013 and 9/27/2013 from 2115 hours to 0346." Doc. 44, Att. 1, at 1-2 (emphasis added). Plaintiff learned these names in

---

[6] The undersigned ordered that "**[a]ll reports, medical records, and other documents pertaining to and/or generated in connection with the alleged incident shall be included in the special report.**" Doc. 22, at 2.

8

September 2014 but, to date, has not named and served Defendant John Doe # 1.

Considering the applicable law and the facts of this case, the undersigned recommends that an additional permissive extension of time for service of process is not warranted. *See Frazier v. Jordan*, No. 06-1333, 2007 WL 60883, at *5 (10th Cir. Jan. 10, 2007) (unpublished op.) (concluding that "[b]ecause [Fed. R. Civ. P. 4(m)] does not require the district court to grant [plaintiff] yet another permissive extension of time to file service and [plaintiff] had adequate time to identify the unnamed defendants, . . . the district court did not abuse its discretion in dismissing the . . . Doe defendants").

Despite his full and fair opportunity to do so, Plaintiff failed to identify and then serve Defendant John Doe # 1 in the thirteen months since filing his complaint, and the court "must dismiss the action without prejudice against that defendant . . . ." Fed. R. Civ. P. 4(m).

### III.  Recommendation and notice of right to object.

For the reasons set forth above, the undersigned Magistrate Judge recommends that Plaintiff's claims against Defendant John Doe # 1 be dismissed without prejudice for failure to serve Defendant John Doe # 1 within the 120-day period prescribed by Fed. R. Civ. P. 4(m), as permissibly extended. Because no other claims would remain, the undersigned effectively recommends the

dismissal, without prejudice, of Plaintiff's action.

The undersigned advises Plaintiff of his right to file an objection to the Report and Recommendation with the Clerk of Court by the 24th day of May, 2015, in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises Plaintiff that failure to make a timely objection to the Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation terminates the referral in the above-captioned action.

ENTERED this 4th day of May, 2015.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE